1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH SERIALES, | ) | 1:13-cv-91 LJO GSA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **REGARDING PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| PUBLIC DEFENDERS OFFICE OF | ) | |
| TULARE COUNTY; JAY POWELL, | ) | (Document 1) |
| STEVEN GIRARDOT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        Plaintiff Keith Seriales ("Plaintiff"), appearing pro se and proceeding in forma pauperis,

filed the instant complaint on January 17, 2013, alleging civil rights violations.  (Doc. 1).  He

names the Tulare County Public Defender's Office ("public defender's office"),  Jay Powell, a

supervising attorney at the Public Defender's Office, and Steven Girardot, a public defender as

Defendants.  Plaintiff alleges violations of 42 U.S.C. § 1983 based on the Sixth and Fourteenth

Amendments of the United States Constitution.  Upon a review of the pleading, the Court

recommends that the complaint be dismissed without leave to amend.

/// 

/// 

1

**DISCUSSION**

*A.      Screening Standard*

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 129 S.Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

*B.      Plaintiff's Allegations*

Plaintiff alleges violations of the Sixth and Fourteenth Amendments of the United States

2

Constitution.  More specifically, Plaintiff contends that during his criminal trial, his public defender, Steven Girardot, was experiencing health problems resulting in ineffective assistance of counsel.  More particularly, Plaintiff asserts, *inter alia*, that Mr. Girardot failed to cross examine witnesses under oath, did not provide appropriate jury instructions, and failed to devise an effective trial strategy.

Plaintiff alleges that as a result of the above, he was improperly sentenced to life in prison without the possibility of parole plus ten years.[1]  Plaintiff advises that has already filed a writ of habeas corpus and that the case is pending at the Ninth Circuit Court of Appeals.  In addition, however, he has also filed the instant section 1983 action against the Tulare County Public Defender's Office, Mr. Girardot, and Jay Powell, one of the supervisors at the Tulare County Public Defender's Office based on the alleged misconduct.  Plaintiff seeks 1.5 million dollars in damages, costs, fees and any other just relief.

### C.    *1983 Actions*

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within

---

[1] The complaint does not identify the crime Plaintiff was convicted of committing.

1 the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

2 acts or omits to perform an act which he is legally required to do that causes the deprivation of

3 which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

4   **D.**  **Public Defender**

5   A review of the complaint reveals that Plaintiff has failed to state a cognizable claim

6 pursuant to section 1983.  Although Mr. Girardot was the public defender appointed by the court

7 and paid by government funds during Plaintiff's criminal trial, he was not acting under color of

8 state law at the time of his legal representation.  It is well established that court appointed

9 attorneys are not state actors.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender

10 who is performing a lawyer's traditional functions as counsel to a defendant in a criminal

11 proceeding is not acting under color of state law) *accord Vermont v. Brillon*, 129 S.Ct. 1283,

12 1291–92 (2009); *Miranda v. Clark County of Nevada*, 319 F. 3d 465, 468 (9th Cir. 2003)

13 (upholding dismissal of a complaint on the basis that public defender was not acting on behalf of

14 the county for purposes of § 1983 when defendant's function in his role as plaintiff's attorney

15 was to represent plaintiff's interests, not the interests of the state).  Therefore, it is recommended

16 that Plaintiff's claims against his public defender and the Tulare County Public Defender's Office

17 be dismissed without leave to amend.

18   **E.**  **Criminal Conviction**

19   Even if the this action were congnizable against the public defender, Plaintiff not

20 challenge the lawfulness of the conviction under section 1983.  When a prisoner challenges the

21 legality or duration of his custody, or raises a constitutional challenge which could entitle him to

22 an earlier release, his sole federal remedy is a writ of habeas corpus.  *Wilkinson v. Dotson*, 544

23 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v.*

24 *Kenny*, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Plaintiff's writ of

25 habeas corpus is on appeal and this is the appropriate legal remedy for Plaintiff's alleged

26 Constitutional violations.

27

28           4

1   Moreover, "in order to recover damages for allegedly unconstitutional conviction or
2   imprisonment or other harm by actions who unlawfulness would render a conviction or sentence
3   invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct
4   appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such
5   determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
6   U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that
7   relationship to a conviction or sentence that has not been so invalidated is not cognizable under §
8   1983." *Id*. at 488. Given that Plaintiff is incarcerated for the conviction at issue, and the
9   conviction has not been reversed or otherwise invalidated, he cannot state a cognizable claim
10   under § 1983.

11                              **FINDINGS AND RECOMMENDATIONS**

12   For the foregoing reasons, the Court HEREBY RECOMMENDS that this action be
13   DISMISSED WITHOUT LEAVE TO AMEND.

14   These findings and recommendations will be submitted to the Honorable Lawrence J.
15   O'Neill pursuant to the provisions of section 636(b)(l).  Within thirty (30) days after being served
16   with these findings and recommendations, Plaintiff may file written objections with the Court.
17   The document should be captioned "Objections to Magistrate Judge's Findings and
18   Recommendations."  Plaintiff is advised that failure to file objections within the specified time
19   may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
20   1991).

21

22   IT IS SO ORDERED.

23   **Dated:**   **April 13, 2013**                         **/s/ Gary S. Austin**
24                                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28                                           5